IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Henry Hickman, ) | | C/A No. 0:12-3300-RMG-PJG |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **REPORT AND RECOMMENDATION** |
| ) | | |
| Carolyn W. Colvin, Acting Commissioner ) | | |
| of Social Security,[1] ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Charles Henry Hickman ("Hickman"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further consideration as explained below.

## ADMINISTRATIVE PROCEEDINGS

In June 2009, Hickman applied for DIB and SSI, alleging disability beginning May 26, 2009. Hickman's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A video hearing was held on October 20, 2010, at which Hickman, who was represented by Rosemary Wessendorf, a non-attorney representative,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



appeared and testified. The ALJ issued a decision on November 22, 2010 denying benefits and concluding that Hickman was not disabled. (Tr. 11-21.)

Hickman was born in 1970 and was thirty-eight years old at the time of his alleged disability onset date. (Tr. 35.) He has a high school education and past relevant work experience as an insulation installer, truck driver, and tobacco farmer. (Tr. 248, 253.) In his application, Hickman alleged disability since May 26, 2009 due to back problems. (Tr. 247.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since May 26, 2009, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: cervical spine degenerative disc disease, lumbar spine disorder, pain disorder with some depression, hypertension and occasional cervicobrachial spasm (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

    *   *   *

5. . . . [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift/carry 10 pounds frequently and 20 pounds occasionally; sit for up to 2 hours in an 8-hour day; stand and/or walk 6 hours in an 8-hour day; he cannot climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally stoop; he should avoid exposure to hazards such as dangerous machinery and unprotected heights; he should avoid exposure to extreme cold; he can perform simple, routine repetitive tasks and is limited to occasional contact with the public.

    *   *   *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

    *   *   *



7. The claimant was born . . . [in] 1970, and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963)

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 26, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-20.)  Hickman submitted additional evidence to the Appeals Council, which denied his request for review on September 18, 2012, making the decision of the ALJ the final action of the Commissioner.  (Tr. 1-5.)  This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:



    (1)      whether the claimant is engaged in substantial gainful activity;

    (2)      whether the claimant has a "severe" impairment;

    (3)      whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)      whether the claimant can perform his past relevant work; and

    (5)      whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Hickman raises the following issues for this judicial review:

I.   Substantial evidence does not exist to support the Defendant's finding regarding Charles Hickman's residual functional capacity.

II.  The Defendant erred in failing to give the treating doctor's medical opinion controlling weight regarding Mr. Hickman's residual functional capacity when it was well-supported by medically acceptable clinical and laboratory diagnostic techniques and was not inconsistent with the other substantial evidence in the case record.

(Pl.'s Br., ECF No. 14.)

## DISCUSSION

This appeal essentially turns on the issue of whether the Appeals Council erred in failing to weigh additional evidence submitted by Hickman following the ALJ's decision rendered on November 22, 2010. After the ALJ's decision, Hickman submitted new evidence to the Appeals Council, all of which was completed by one of Hickman's treating physicians, Dr. Jeffrey Cooper, a pain management specialist. This evidence included: (1) a letter dated December 22, 2010, approximately one month after the ALJ's decision, opining that Hickman "cannot work secondary to his ongoing chronic pain and chronic pain medication utilization and is totally disabled" (Tr. 637); (2) a medical source statement dated May 23, 2011, listing specific functional restrictions (Tr. 638-41); and (3) a letter dated October 31, 2011, approximately eleven months after the ALJ's decision, stating that "[a]t [t]his time it is the opinion of the office that Mr. Hickman is unable to participate in gainful employment in any field." (Tr. 642.) The Appeals Council admitted into the record and considered this additional evidence. (Tr. 1, 5.) However, the Appeals Council summarily stated that it found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2.)

The Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins, 953 F.2d at 96). If the court cannot determine whether, in light of the additional evidence

submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

As the Commissioner notes, the issue of whether a claimant is disabled is reserved to the Commissioner and opinions by medical sources on that point are not entitled to special significance. 20 C.F.R. §§ 404.1527(d), 416.927(d). Nonetheless, even setting aside the portions of Dr. Cooper's statements that Hickman is "totally disabled" and "unable to participate in gainful employment in any field," Hickman has presented medical opinions from his treating physician that his chronic pain and his pain medications cause significant functional limitations. And, although the Commissioner argues that these opinions do not relate to the relevant time period, the court finds this argument unavailing in light of the fact that Dr. Cooper treated Hickman regularly for over a year beginning around Hickman's alleged onset date for this same medical condition; saw him fourteen times; and issued an opinion that corroborates the opinions of two other treating physicians that Hickman could not work, suggesting significant functional limitations from his back and neck pain. (See Tr. 638-41, 426-28, 655; see also 642, 650.) This court therefore disagrees with the defendant's assumption that Dr. Cooper's later opinions were not reasonably related to the relevant time period. Because the Appeals Council did not provide any explanation for failing to consider them, the court cannot tell whether the Commissioner's decision is supported by substantial evidence.



Moreover, the ALJ may well change her opinion in light of the additional evidence from Dr. Cooper. See Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*) ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). This is especially so in light of the fact that the ALJ concluded that Hickman was capable of light work, whereas Dr. Cooper's medical source statement provided to the Appeals Council clearly opines that he is not. Compare (Tr. 638-41) (opining that Hickman could not lift more than 10 pounds and was limited to standing and/or walking less than 2 hours in an 8-hour workday) with 20 CFR §§ 404.1567(b), 416.967(b) (stating that light work requires lifting 20 pounds occasionally and 10 pounds frequently) and Program Operations Manual System ("POMS") § DI 25001.001(B)(44) (stating that light work "[u]sually requires walking or standing for approximately 6 hours of the day"). Moreover, with three additional opinions from Hickman's treating pain specialist available, the ALJ may well conclude that the medical portions of Dr. Cooper's opinions are entitled to controlling weight—or at least, after applying the required factors in 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2), to great weight.

## RECOMMENDATION

For the foregoing reasons, the court finds that remand is warranted pursuant to Meyer and therefore recommends that this matter be remanded to the Commission so that the ALJ can consider the additional evidence from Dr. Cooper.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 20, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).