IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Henry Hickman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:12-3300-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 21, 2014, recommending that the Court reverse the decision of the Commissioner. (Dkt. No. 19). The Commissioner has advised the Court she does not intend to file objections to the Report and Recommendation. (Dkt. No. 21). As more fully set forth below, the Court reverses the decision of the Commissioner and remands for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

-1-

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

Plaintiff has a long history of spinal abnormalities and chronic back pain and has undergone both a cervical spine and lumbar spine fusion. The Administrative Law Judge ("ALJ") found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 26, 2009, and that his severe impairments included cervical spine degenerative disc disease, lumbar spine disorder, and pain disorder. Tr. 13. The ALJ further found Plaintiff did

not satisfy any Listing at Step 3 and retained the Residual Functional Capacity for light work at Step Four. Tr. 13-19. In reaching the finding that Plaintiff retained the capacity for light work, the ALJ specifically referenced a statement in a July 27, 2010 note from Plaintiff's treating pain management specialist, Dr. Jeffrey Cooper, that he had "been approved for light work" and the findings of a non-treating and non-examining medical record reviewer, Dr. Richard Weymouth, that Plaintiff was capable of the lifting, sitting, and walking/standing requirements of light work. Tr. 18, 539, 591. Based upon this record evidence, the ALJ found that Plaintiff was capable of lifting ten pounds frequently and twenty pounds occasionally and could stand or walk six hours in an eight-hour workday. Tr. 14.

Following the ALJ's decision of November 22, 2010, Plaintiff submitted to the Appeals Council new medical records and opinions which conflicted with the report of Dr. Weymouth and the findings of the ALJ about Plaintiff's capacity to lift and stand. This included a letter dated December 22, 2010, prepared by Dr. Cooper, the treating pain management specialist, stating that Plaintiff was unable to "do any lifting" and could not engage in "prolonged sitting or standing" because of chronic pain. Tr. 637. Thereafter, Dr. Cooper completed a questionnaire dated May 23, 2011, in which he stated that Plaintiff could lift less than ten pounds and was unable to stand more than two hours in an eight-hour workday. Tr. 637-38. Dr. Cooper also submitted a second letter, dated October 31, 2011, in which he stated that because of Plaintiff's back abnormalities and chronic pain he was "unable to tolerate prolonged standing" and could "ambulate only short distances with the use of a single-point cane." Tr. 642.

The Appeals Council accepted these newly submitted medical records and made them part of the administrative record. In denying Plaintiff's request for review, the Appeals Council

noted that it had received and "considered" additional medical records but found "this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 1-2, 4. The Appeals Council did not weigh the newly provided evidence or make any effort to reconcile it with supporting and conflicting evidence in the record.

A claimant in a Social Security proceeding is permitted to submit new and material evidence after the administrative hearing to the Appeals Council and that evidence is made part of the administrative record. 20 C.F.R. § 404.970(b). The Appeals Council is required to review the new and material evidence so long as it "relates to the period on or before the date of the administrative law judge hearing decision." *Id.* Although Social Security regulations do not require the Appeals Council to make any findings regarding the newly submitted evidence, the Fourth Circuit in *Meyer v. Astrue*, 662 F.3d 700, 706-07 (4th Cir. 2011), concluded that substantial evidence review by a district court is not possible in the absence of findings by the fact finder on the newly submitted evidence where the evidence is not "one sided" and the newly submitted evidence conflicts with other evidence credited by the Commissioner. In such a situation, the district court must reverse and remand to allow the fact finder to weigh the new and material evidence and to reconcile it with the conflicting and supporting evidence in the record. *Id.* The Fourth Circuit noted that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance." *Id.*

The medical records submitted to the Appeals Council, particularly the two letters and the questionnaire prepared by Dr. Cooper, were new and material and conflicted with other evidence credited by the ALJ. Remand is necessary under *Meyer* for the fact finder to weigh this new evidence and to reconcile it with the supporting and conflicting evidence in the record. It is

noteworthy that Dr. Cooper is a treating physician and a specialist and his statement about the Plaintiff being approved for light work was heavily relied upon by the ALJ to support the finding that Plaintiff was capable of performing light work.[1]

## Conclusion

Based on the foregoing, the Court hereby reverses the decision of the Commissioner, pursuant to 42 U.S.C. § 405(g), and remands the matter to the Commissioner for further action consistent with this order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

February 7, 2014
Charleston, South Carolina

---

[1] Although the newly submitted evidence was prepared subsequent to the ALJ's decision, these records address Plaintiff's spinal condition that existed during the time period relevant to this claim. It is, therefore, entirely appropriate for the ALJ to consider retrospectively the findings and opinions set forth in these newly submitted records. *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 340-41 (4th Cir. 2012).